### Austin McCarthy v. Petra Cabrera.

See this case as to the certainty required in the assignment of errors.

Where there was evidence that the witness measured the distance from the line which plaintiff's son pointed out as the true line between the plaintiff and defendant, and that the measurement gave the defendant 21 varas in depth ; whereas the judgment and verdict allowed the defendant only twenty varas. Held that as there was evidence in accordance with the verdict, and no evidence that the line from which the witness measured was the true line, it could not be said there was error in refusing a new trial.

Where the defendant owned a lot of twenty varas in depth, fronting on a street, and the plaintiff owned the ground immediately in the rear of the defendant's lot, and the defendant set up a claim to a strip of plaintiff's lot and appropriated it to his own use, it was held that the plaintiff was entitled to recover for the use of the ground so occupied by defendant, the value of the use of the same to defendant, under all the circumstances of the case, and not merely the value of such use without regard to its peculiar value to the defendant.

Appeal from Bexar. Tried below before the Hon. Thomas J. Devine.

Suit, December 29th, 1854, by appellee against appellant, alleging her title and possession of a lot in the city of San Antonio, fronting on Calabooza street, on the North side thereof, nine and one half varas, and running back North 22⅔ East towards Calle Real or Commerce street, within twenty varas of said street, to a lot owned and occupied by the defendant, and being bounded on the East by a lot of Justo Travieso, and on the West by a lot of Tomas Perrida; that the said defendant did, on the first day of the present month, and on divers days thereof, break the close of said lot and enter thereupon, and divers trespasses and wastes has committed thereon, by causing wood and other materials to be deposited thereon, and is actually attempting to enclose a part of said lot, and pretends to assert a right or claim thereto, thus slandering the title of plaintiff, and greatly reducing the value of said lot, by casting a cloud and doubt over the same; all of which is to the damage of plaintiff two hundred dollars. Prayer for establishment of the boundary line between the lot of plaintiff and said defendant, and for the damages, aforesaid, &c. Petition endorsed, as well to try title as for damages.

Plea of not guilty; statue of limitations of three and five years; and suggestion of possession for over a year, and permanent and valuable improvements made.

At the trial the plaintiff proved her title to the lot; that it extended to within twenty feet of Commerce street; that the defendant's title only called for twenty feet from Commerce street; that the defendant occupied and claimed seven varas of plaintiff's lot; witness Atwater said he did not know the use defendant made of the ground in controversy, or what it is worth to him; knows a person who is glad to get a piece of fifteen feet at $10 or $15 per month, to put a room on in rear of his store; thinks this ground would be worth as much to defendant; don't know that defendant would give that for it or any thing.

Kampman testified: that he knew the lot in dispute two

McCarthy v. Cabrera.

years ago; rented it when he was building for McCarthy; had the use of the whole lot to Calabooza street; paid $10 per month because he was obliged to have it; can't say what it is worth, perhaps two or three dollars per month; rented a larger lot lower down town for $3 per month; if he were doing the business of McCarthy, he would not give $15 per month for the ground; it lies adjoining McCarthy's store; might be worth to McC. two or three dollars per month.

Frieslaven testified: that he knew the lot; Cabrera's son got him to survey his mother's lot; pointed out the lines to witness; said that the fence was on the line of his mother's lot; the fence and line pointed out by him to witness, were 21 varas from Commerce street; made the survey in March, 1854; in December, 1854, McCarthy called on witness to mark out his lines for him; witness surveyed McCarthy's lot by an old map of San Antonio, giving him six varas beyond the line claimed and pointed out by Cabrera's son as hers; does not know when the old map was made, thinks it was made before 1840; never saw the field notes; knows nothing of the boundaries, there are none in the office; has had a good deal to do with the map, found it generally correct; nearly all the old deeds are incorrect with respect to the depth of the lots and correct in the fronts.

J. M. Carolan: does not think the land in dispute would rent for $1 50 per month at auction; knows defendant's business and the use he makes of the lot, which is in the rear of his store; thinks it worth not more than $2 per month to defendant.

Louis Zork: the lot in dispute is only valuable for the store in front; would not give half dollar per month for it; would not know how to get at it.

This is all that was contained in the statement of facts, as to the odd vara and the value of the use of the ground. It did not appear by whom the several witnesses were called.

Verdict and judgment for plaintiff, and damages assessed at $200. Motion for new trial overruled, &c.

The bills of exception were as follows :

Be it remembered that on the trial of this cause the defendant asked the witness Kampman what he would be willing to pay for the rent, or use of the piece of land in controversy, and what he considered it worth ; when plaintiff, on the cross-examination, asked the witness what the use and occupation of the lot in controversy would be worth to defendant, he owning the lot in front, and the lot in controversy. To which question defendant, by his counsel excepted, when the Court permitted the question to be asked and answered, to which ruling defendant excepts, &c.

On the trial of this cause plaintiff introduced Atwater as a witness, and asked the following question : "What is the " value of the use and occupation of this tract of land, to any " person situated as the defendant, and doing the same business " and hemmed in on every side except that on which the land " is situated ?" Defendant objected to said question ; the Court allowed the question to be asked, to which defendant excepted.

Be it remembered that, on the trial of this cause, plaintiff asked the witness Kampman, " what the use and occupation of " the lot in controversy would be worth to defendant, he own- " ing the lot in front, and the lot in controversy being necessary " to him ?" Defendant excepted to the question, and the Court permitted the question to be asked, to which ruling defendant excepts.

*Denison, Tunstall* and *West*, for appellant.

*I. A, & G. W. Paschal*, for appellee.

WHEELER, J. The objection, that the verdict gives the

plaintiff one vara more of the land than, according to the evidence she was entitled to, is not distinctly presented by the assignment of errors. If raised at all by the record, it is in the ground assigned in the motion for a new trial, that the verdict is contrary to law and evidence. But this general assignment would not be likely to suggest the present objection; and it would probably have escaped the attention of the Court, as it appears to have done the counsel for the appellee, that such a ground of error would be relied on, if it had not been particularly insisted on in the argument. We might decline to revise it, as not sufficiently specified in the assignment of error.

But if well presented for revision, we do not think the objection maintainable. If it had been proved conclusively, that the point, to which the measurement was made and found to be twenty-one varas from Commerce street, was the division line between the lots, it might have been otherwise. But the evidence of the witness, who professess to have made the survey and measurement, is, that the place was pointed out to him as the line. He does not state that he knew where the line was. The place thus pointed out may not have been the true line ; it is not conclusively proven to have been such ; or to have been the same line of division spoken of by other witnesses. This was a point to be fully established, before the measurement by the witness could be received as conclusive of the depth of the lot. Other witnesses, who, it is true, do not mention, particularly, their means of information, whether by actual measurement or not, say the depth of the appellant's lot is twenty varas ; and that is what is called for by his deed. No doubt, the testimony of the witness, who shows that he had information by actual measurement, should control, if it were conclusively established that his measurement had its terminus at the true division line between the lots. But that point is not so certainly established, as to entitle the evidence of measurement to a controlling and conclusive effect upon the finding of the

jury.   And as there was evidence in accordance with the ver-
dict, we cannot say there was error in refusing a new trial on
that ground.

We do not think there was error in permitting the witnesses
to be examined as disclosed by the bills of exception.   In es-
timating the damages, it was necessary to ascertain the value
of the use of the property, as it was situated.   For whether it
was of greater or less, or, indeed, of any value, must depend
upon its situation and locality, and surrounding circumstances.
It was proper to take into the account its particular locality,
and situation with reference to the adjoining proprietors.   And
if the manner in which adjacent property was improved, and
occupied, gave to its use any peculiar, or extraordinary value,
the plaintiff was certainly entitled to the benefit of it.   If its
use was so necessary to the comfort and convenience of others,
as greatly to enhance its value, the plaintiff was entitled to all
the benefits and advantages arising from the enhanced value of
her property, from whatever causes it may have arisen.   The
object of putting the questions to the witnesses in that form,
was to ascertain the value of the use of the property as it was
situated ; and this we think was proper.   In every such case, the
question should be, not what would the use of the property be
worth to those who had no use for it,—and it may be, had not
and could not, have access to it,—but what is it worth to those
who have a use for it.   And that is precisely what it was pro-
posed, by the question put to the witnesess, to ascertain.   It was
proposed to prove that the property had a peculiar value on
account of its situation.   That value the plaintiff was entitled
to claim ; and consequently it was proper to admit evidence
of it.

Finally, it is insisted that the damages assessed by the jury
are excessive.   Upon this point, the evidence is not as satis-
factory as could be desired.   It, however, is evident, that the
witnesses who placed the lower estimate upon the value of the
use of the property, made their estimates on the erroneous

McCarthy v. Cabrera.

basis of the value of such a piece of ground generally, without regard to its peculiar situation, and its enhanced value on that account. Consequently their estimates were properly disregarded by the jury. And though the evidence as to the particular and peculiar value of the use of this piece of ground, situated as it is, is not very clear and certain, yet as it was sufficiently so to satisfy the jury and their finding did not exceed the estimate, which the testimony of some of the witnesses conduced to establish, we cannot say that the Court erred in refusing to set aside the verdict on this ground.

If the property is so necessary to the defendant, or others, as that they would give the estimated amount, rather than be deprived of its use, and were to contract with the plaintiff for it at that sum, it cannot be doubted, that the contract would be valid, and entitle the plaintiff to demand and recover the sum so stipulated. It will not be pretended that the defendant can defeat the plaintiff's right by a wrongful taking and holding of the property, or that he is entitled to have the use and enjoyment of it for a less price, because he acquired the possession by a trespass, instead of a contract. Upon the whole we are of opinion there is no error in the judgment, and it is affirmed.

Judgment affirmed.