LEANDER C. CUNNINGHAM, ADMINISTRATOR, AND OTHERS v. CAMPBELL TAYLOR.

Where the vendor gives a bond for title, and takes notes for the purchase money, on the death of the vendee, the payment of the notes, as such, can be enforced only through the process of the County Court; as equitable mortgages, they are claims for money, within the meaning of the statute; (Hart. Dig. Art. 1156;) and on acceptance and approval, the mode of proceeding to enforce them in the County Court is prescribed by statute. (Hart. Dig. Art. 1168.)

Where the vendor who had given bond for title, presented to the administrator of the vendee and to the Chief-Justice the notes given for the purchase money, duly authenticated, and they were allowed and approved, and then sued the administrator in the District Court, making the heirs parties, and procured a judgment and order to sell the land, on petition of the administrator and heirs

Cunningham v. Taylor.

the sale was enjoined upon the ground that the proper remedy of the vendor was in the County Court, and that the District Court had no jurisdiction.

Error from Bastrop. Tried below before the Hon. John Hancock.

On the 30th of April, 1852, Campbell Taylor agreed to sell to John R. Slocumb a lot or parcel of land in the town of Bastrop, for which the latter gave his two promissory notes for $450 each, one due 28th August, 1853, and the other 28th February, 1855; the former giving his bond to convey the land upon payment of the said notes. In March, 1855, Taylor brought suit on the notes in Bastrop District Court, against Leander C. Cunningham, administrator of said Slocumb who had died in the mean time; alleging in the petition that said notes had been duly authenticated and presented to the said administrator and Chief Justice, by whom they had been allowed and approved; making Sarah Slocumb, the surviving widow, and Catharine E., and William H. Slocumb, minor heirs at law of said Slocumb, parties; and praying for an order to sell the land to pay such judgment as might be rendered, &c. The defendants filed an answer, in which they objected to the jurisdiction of the Court, on the ground that the remedy of the plaintiff was in the County Court, &c. March 28th, 1855, the cause was submitted to the Court, without a jury, and judgment rendered for the plaintiff for $1177 50; order for sale, &c. Order for sale was issued April 12th, 1855, and levied same day on the property. August 7th, 1855, the defendants in said suit filed their petition alleging the facts already stated, and others not now important, and praying an injunction on the ground that the proper remedy to enforce the payment of said notes was by proceeding in the County Court, and on other grounds; on which petition was indorsed an order by the Hon. Thomas J. Devine, for the issuance of the injunction, which was issued accordingly. Spring Term, 1856, motion to dissolve the injunction overruled. Fall Term, 1856, the cause being submitted to the Court without a jury, judgment was rendered to the effect that it appearing to the Court that the petition showed no sufficient cause for injunction, and that the same was obtained for delay, the injunction was dissolved, and judgment rendered against the petitioners and their sureties, for the amount enjoined and ten per cent. damages thereon, besides costs, &c. No statement of facts in either case. It did not appear who presided at the hearing of the motion to dissolve,

or at the second trial. The Transcript opened with the recital that the Hon. John Hancock presided, which was a mistake; but as it contained the record of the proceedings in both suits, in their chronological order, and as Mr. Hancock was the Judge of that District at the Spring Term, 1855, and resigned in that year, the mistake in the recital is thus accounted for.

On the margin of the original judgment appeared to be written two receipts by Taylor, one dated August 23d, 1855, for $600; the other May 28th, 1856, for $320.

*G. W. Jones*, for defendant in error, suggested delay.

HEMPHILL, CH. J. This cause having been submitted by the defendant in error on a suggestion of delay, we will examine whether there was any sufficient cause for suing out the writ of error.

The plaintiffs in error, who are plaintiffs below, sought a perpetual injunction restraining an order of sale on a judgment recovered against them by the defendant in error, in the District Court of Bastrop county, on two notes of hand given for the purchase money of a lot of land in the town of Bastrop; the Court decreeing also that the premises should be sold in satisfaction of the vendor's lien. The purchaser, J. R. Slocumb, the intestate of L. C. Cunningham, one of the plaintiffs in error, the husband of Sarah, and the father of the other plaintiffs, had departed this life before the institution of the suit on the notes of hand, and it is alleged in the petition on the notes that they were duly accepted by the administrator, and affirmed by the Chief Justice of the County Court.

One of the grounds upon which an injunction is now sought against the judgment is, that the notes having been allowed by the administrator, and approved by the Chief Justice, the District Court had no jurisdiction, but that the County Court was the only forum having cognizance of the cause of action, and jurisdiction to enforce the lien and the payment of the notes. This position we believe to be sound, and in conformity with the rules and provisions of the statutes regulating the estates of deceased persons. The point is too plain for argument.

As notes merely, they could be paid only through process of the County Court. As equitable mortgages, they are claims for money within the meaning of the statute; (Hart. Dig. Art. 1156;

1 Tex. R. 639; 7 Id. 625; 2 Id. 433; 16 Id. 472;) and, on acceptance and approval, the mode of proceeding to enforce them in the County Court is prescribed by statute. (Hart. Dig. Art. 1168.)   In Robertson v. Paul, 16 Tex. R. 472, it was held that a mortgage or deed of trust, with a power to sell, could not be enforced by the trustee after the death of the mortgagor, but must be presented, as other claims, for allowance ; and the effect of the judgment was, that when allowed and approved, or established by suit, it should be certified to the County Court for settlement in the due course of administration.   There can be no doubt about the course of proceeding, and that it must be in the County Court, after a mortgage has been allowed and approved. When a claim on mortgage is rejected by the administrator, or disapproved by the Chief Justice, and suit is brought in the District Court, there might be some reasonable doubt whether the judgment should, in conformity with Art. 772, authorize the Sheriff to seize and sell the property ; and if the proceeds of the sale be insufficient, that the balance be paid in the due course of administration ; or whether the debt, with the mortgage, should be established merely as a claim against the estate, certifying the same to the County Court for payment in the due course of administration.   It was intimated in the case of Danzey v. Swinney, 7 Tex. R. 618, that in case of rejection of a mortgage claim, it might not only be carried to judgment in the District Court, but that the encumbered property might be seized and sold by the Sheriff in satisfaction of judgment ; but the better opinion seems to be that the judgment of the District Court should merely establish the mortgage, remitting the creditor to the County Court for satisfaction of his claim.   The policy of the statute is, on administration, to subject the whole of the estate to the supervision and control of the County Court, for the payment of debts, the adjustment of the equities and preferences of creditors, and for the distribution of the property.   By Art. 1168, Hart. Dig., § 59 of the Act of 1848, a creditor of an estate, holding a claim secured by mortgage or other lien, which claim has been allowed and approved, or established by suit, may obtain from the Chief Justice an order for the sale of such property, &c.   This Section recognizes the right of a creditor, whose mortgage has been established by suit, to enforce the same in the County Court; and it may well be contended that the Art. 772, which was passed two years previously, was superseded by the later provision, giving the County Court authority to order a sale of the pro-

9

perty held under mortgage. But where the mortgage has not been rejected, but has been approved and allowed, it has not been doubted anywhere but that the County Court has the jurisdiction for the payment of the claim. The fact that the lien on these notes is merely an equitable mortgage, can make no difference. If the term mortgage be not sufficiently comprehensive to include the vendor's lien, yet the statute giving the remedy in the County Court is not limited to mortgages merely, but to mortgages or other liens. (Art. 1168, Hart. Dig.)

The plaintiffs in error should have appealed from the original judgment. But their default in this respect does not operate such a forfeiture of their rights as to defeat their application for an injunction against the plaintiff in the judgment, where the ground is the want of jurisdiction.

It might, under certain circumstances, affect the question of costs. The plaintiff will suffer but slight damage in this case. He has been paid a portion of the judgment; and his claim being accepted and approved, he can apply to the County Court (the proper forum) for the collection of the remainder of his claim.

It is ordered that the judgment of the District Court be reversed, and that this Court do render such judgment as to perpetually enjoin the decree and order of sale as prayed for in the petition for injunction.

Reversed and reformed.