HENRY HEATH, ADMINISTRATOR, *v.* JAMES GARRETT.

1. CLAIMS AGAINST ESTATES—AGENT—ADMINISTRATOR.—An affidavit supporting a claim against an estate made by an agent is not invalid because it does not show such agency; and an administrator knowing the affiant to be the agent of the owner of a claim may approve such claim.
2. CLAIMS AGAINST ESTATES.—In a suit upon a rejected claim against an estate, the withdrawal of an answer and consent to judgment by the administrator, is considered equivalent to an approval of such claim.
3. SAME.—Upon the withdrawal of an answer in a suit upon such rejected claim, judgment by default final may be rendered, if the claim be liquidated and proved by an instrument of writing; the clerk computing damages as in other cases.
4. ENFORCING LIENS.—It is not competent in the District Court to order sale by the sheriff of lands of an estate, against which the vendor's lien is enforced. The order should require the administrator to make sale.

ERROR from Rains.   Tried below before the Hon. Z. Norton.

James Garrett, for the use of Wallace & Co., brought suit against Henry Heath, administrator of the estate of M. H. Heath, deceased, on a promissory note which had been rejected, and to enforce the vendor's lien on lands described in the petition.

The defendant pleaded that the affidavit authenticating the claim was insufficient; it not appearing that Garrett, who made it, was the agent of Wallace & Co.   Matters in bar were also pleaded.

The defendant withdrew his answer, and judgment was rendered by agreement of the parties, with stay of execution, "until the first day of March next."   Damages were assessed by the clerk as in default; and judgment rendered for the amount claimed and enforcing the vendor's lien ordering the sale to be made by the sheriff.

C. Payne, for plaintiff in error, cited Paschal's Dig., art. 5705; Johnson's Administrator v. Cheney, 17 Tex., 336; Yarborough v. Leggett, 14 Tex., 677; Hutchins v. Lockett, 39 Tex., 165; Cunningham v. Taylor, 20 Tex., 126; Harris v. Crittenden, 25 Tex., 325; Davenport v. Chilton, 25 Tex., 519; Murray v. Land, 27 Tex., 89.

L. D. King, for defendant in error, cited Burton v. Varnell, 1 Tex., 635; Cartwright v. Roff, 1 Tex., 78; Wheeler v. Pope, 5 Tex., 262; Farquhar v. Hendley, 24 Tex., 300; McDaniel v. Monday, 35 Tex., 40; Sprague v. Litherbern, 4 McLean, 442; Boggess v. Blue, 5 McLean, 143; St. Clair v. McGehee, 22 Tex., 5; Tadlock v. Eccles, 20 Tex., 791; Portis v. Hill, 14 Tex., 79.

GOULD, ASSOCIATE JUSTICE.—The authentication of the claim sued on in this case appears to have been in compliance with the 12th section of the act of the 13th Legislature amending the probate law of 1870, (Gen. Laws 13th Leg., 113,)

unless, under the section referred to, which directs that the affidavit shall be made "by the owner, his agent, or attorney," an administrator has no authority to allow a claim the authentication of which does not show on its face that it is made by the owner, agent, or attorney.

We do not think that this statute changes the rule settled by repeated decisions under the probate law of 1848, which allows an administrator, if he sees fit to do so, because of his knowledge that as a matter of fact the affidavit is made by the proper party, to accept a claim so authenticated, and holds him to have waived such an objection to the affidavit, unless made when the claim is presented. (Walters v. Prestidge, 30 Tex., 74; Dunn v. Sublett, 14 Tex., 521; Shelton v. Berry, 19 Tex., 154.)

The withdrawal by the administrator of his answer and his consent that the judgment be entered up, may be regarded as equivalent to his allowance of the claim, when, as in this case, the claim is properly authenticated and the evidence necessary to its establishment is an instrument of writing set out in the petition, it is not error for the court to enter judgment by default or by consent.

The objection that the heirs of the deceased should have been made parties may be disregarded, as (if indeed they were proper parties) no such objection was made below, and no such point is assigned as error.

There is, however, error in the judgment of the court, in that it awards execution against the estate through the administrator, and also directs an order of sale to issue to the sheriff. It was not competent for the administrator to consent to such a judgment, and it was error for the court to enter it up. (Cunningham v. Taylor, 20 Tex., 126.)

This, however, is an error which may be corrected without remanding the case. (Thorn v. The State, 10 Tex., 295.)

It is accordingly ordered that the judgment be reversed and reformed, (at the cost of the appellee,) so as to establish the claim and the lien on the lands described in the petition,

and so that it be certified to the County Court for its enforcement.

JUDGMENT REFORMED.