A. P. McCORMICK, ADMINISTRATOR, V. LAURA V. McNEEL.

HOMESTEAD. — The owner of a homestead executed a note to his intended wife, in consideration of the marriage, (which was afterwards consummated,) and secured it by a mortgage on the homestead. He died, leaving the wife surviving, and the only constituent of the family, and by will recognized the mortgage lien and charged the homestead property with its payment: *Held*—

1. That the widow could elect to retain the homestead, or accept the provisions of the will.

2. That the note was a charge upon the property mortgaged for its payment, after it ceased to be a homestead.

3. That in a suit to enforce her rights, her prayer for a sale of the property to satisfy the note, or, in the alternative, for the possession and title of the property as a homestead, could not prejudice her claim.

4. Had the note been allowed and paid without sale of the property, the widow would not have been entitled to retain possession of the homestead, as against others to whom the husband had by will bequeathed it; but she was entitled to possession until payment of the note, and until then could not be charged with the value of its use and occupation.

5. Minor legatees, not the children of the deceased, who, under the will, took no interest in the homestead, were not necessary parties in a proceeding against the administrator to enforce the rights of the widow.

6. A decree of the District Court against the administrator of the estate, ordering the sale of the property for the payment of the note to be made by the sheriff, was error. After establishing the mortgage, the judgment creditor. should have been remitted to the County Court for its satisfaction.

APPEAL from Brazoria. Tried below before the Hon. William H. Burkhart.

Suit by Laura V. McNeel against A. P. McCormick, in his representative capacity as administrator of the estate of J. G. McNeel, Sr., to establish against the estate a promissory note, dated December 28, 1870, executed by J. G. McNeel, Sr., to Laura V. Roane, for the sum of $3,000, with interest at the rate of ten per cent. per annum from maturity, due and payable twelve months after date, and against the other appel-

lants, to foreclose a mortgage lien upon two hundred acres of land in Brazoria county, Texas, with the improvements thereon situated.

The original petition, filed on the 21st of February, A. D. 1878, alleged that when the note sued on was executed the appellee was a *femme-sole*, her maiden name being Laura V. Roane; that before the maturity of the note she intermarried with J. G. McNeel, Sr.; that McNeel died during the month of August, 1876, leaving no minor children and no daughters, but only appellee, his surviving widow, who alone had homestead rights in the land upon which the mortgage was sought by this suit to be foreclosed; that she was occupying said homestead place with her said husband at the date of his death, and has continued to occupy it since; that her husband left a will bequeathing said homestead to his grandchildren, Georgie and J. G. McNeel, the minor children of George W. McNeel, deceased, providing that, in the case of their death without issue, the same should go to his adult son, J. G. McNeel, Jr., but that the debt due to and held by appellee—the note and mortgage sued upon—should be paid before the devisees should take the property bequeathed; that after the appointment of appellant A. P. McCormick, as administrator of the estate with the will annexed, the note and mortgage executed at the same date to secure the same were presented to the administrator for allowance and by him rejected, and immediately thereafter this suit was filed. The petition sought alternative relief,—to the effect that if, in the judgment of the court, she was not entitled to a judgment and foreclosure of the lien, then that she should be quieted in the possession and enjoyment of the homestead during her life, which was then disputed by the adult son, J. G. McNeel, Jr.

On the 19th of April, 1878, appellant A. P. McCormick, administrator of said estate, filed his answer, containing the following pleas: 1. General demurrer; 2. General denial; 3. Statute of limitations; 4. That the appellee's claim was a charge upon the homestead of the testator, and was such at his death,

and that the homestead was not assets of said estate in his hands, by reason of which the estate was not chargeable with the debt; 5. That in any event the plaintiff was not entitled to recover interest upon the note, she having intermarried with the maker thereof.

On the 19th of April, 1878, appellant J. G. McNeel, Jr., filed his answer, containing the following pleas: 1. General demurrer; 2. General denial; 3. That he was in the lawful and rightful occupancy of said two hundred acres of land described in the petition, and that he did not recognize plaintiff's exclusive right to the possession of said homestead.

On the 21st of October, 1878, the plaintiff below filed a supplemental petition, setting up coverture to avoid limitation, and further, the metes and bounds of two hundred acres of land, and including the improvements of the homestead tract of her deceased husband as designated and surveyed off from balance of property belonging to the estate by order of the Probate Court, and asking that foreclosure be had upon the same.

On the 24th of October, 1878, the said A. P. McCormick, as special guardian of the minors, Georgie and J. G. McNeel, children of George W. McNeel, deceased, filed an answer containing the following special exceptions, on the grounds (1) that the marriage of the maker of the note with the payee thereof annulled the note; (2) that the marriage annulled all claims for interest on the note; (3) that plaintiff was not entitled to interest after the death of her husband without a surrender of the homestead, or answering for the reasonable rental value thereof; (4) that the plaintiff does not elect, in express terms, in the petition, to take under the will of her late husband, and that therefore she can claim no benefits thereunder; and (5) that the two claims of right and measures of relief sought by the petition are repugnant to each other; that the minors are the heirs at law of the testator, and, as such, entitled to one-third of his descendable estate; that the adult son by a former marriage, J. G. McNeel, Jr., as an heir, is entitled to one-third of

his estate; that the children of Morgan L. McNeel, deceased, another son by a former marriage—to wit, Annie Reed NcNeel, Robert Mills McNeel, George W. McNeel, and Morgan L. McNeel, Jr.—are entitled to the remaining third of said estate, and suggesting that they were necessary parties to the suit. No plea in abatement was filed.

The remaining portion of the answer avers that the plaintiff, on the 28th of December, 1860, before her said marriage, executed a deed relinquishing all claim to the homestead for a consideration, to be paid in money, of $3,000. The note sued on was the consideration of the deed of relinquishment.

On the 22d of May, 1879, Eugene J. Wilson was appointed special guardian for the minor defendants, and qualified as such. The record shows that the two hundred acres was, at the instance of the administrator of the estate of said testator, surveyed off and separated from the balance of the property belonging to the estate to facilitate the administration of the estate. The cause was submitted to the court, and judgment rendered in favor of appellee for the amount of the note, with interest from maturity, establishing the claim against the estate of the testator, and decreeing a foreclosure of the lien upon the land against the other defendants; the land to be sold as under execution, " and if the proceeds of sale be insufficient to pay said debt, then the administrator of said estate to pay the remaining balance out of the assets of said estate in due course of administration "; and if the land should sell for an amount more than sufficient to pay said debt, the surplus to be paid to the devisees under the will.

The land on which the lien was foreclosed was bequeathed to the minor children of G. W. McNeel, who resided in New York. Their interest, however, was dependent on their discharging the claim of appellee. The minor children of Morgan L. McNeel were not constituents of the family, but resided in Georgia. By the terms of the will, the note was made a special charge on the land which constituted the homestead.

*Eugene J. Wilson* and *A. E. Stratton,* for appellants.

I. The court erred in overruling the demurrers of defendant. The homestead not being subject to forced sale, no mortgage lien could exist thereon, or be foreclosed.

II. The husband being entitled to control the property of wife during coverture, is not chargeable with interest during said time upon any funds in his hands belonging to the wife.

III. The widow of deceased cannot retain the occupancy, control, use, and enjoyment of the homestead after the death of the deceased, in August, 1876, until the present time, and at the same time claim the $3,000 and interest thereon evidenced by the note of the deceased, which was executed to her in consideration of her relinquishment of all claim or interest in said homestead.

IV. The widow of the deceased cannot retain the possession and control of the homestead as surviving widow under the constitutional provision, and at the same time enforce collection of a note and interest thereon which was executed to her by her husband, in contemplation of marriage, in consideration of her relinquishment of all interest in or claim to said homestead. The assertion of one estops and precludes her from enforcing the other.

V. Where an estate is in process of administration under the probate laws, claims against the estate, presented and rejected by the administrator and established by suit in the District Court, should be certified to the County Court for observance, and the lien established and enforced through the Probate Court by sale made by the administrator under its order.

*A. R. Masterson,* for appellee.

I. An interest-bearing debt due by the husband to the wife, contracted before the marriage of the maker with the payee, based upon a marriage settlement, cannot be deemed acquests and gains of the matrimonial partnership; nor does accruing interest upon the debt become community; nor does a person's debts become his assets by marriage with the creditor.

(Paschal's Dig., arts. 4632, 4641; Rev. Stats., arts. 2847, 2851.)

II. When no constituent member of the family remains, the homestead exemption ceases to exist, and the property becomes subject to the debts of the last owner, notwithstanding he left children, or other descendants, who were not members of his family at the time of his death. (Burns *v.* Jones, 37 Tex., 50.)

III. The homestead exemption can only be urged by constituents of the family entitled to occupy the homestead. (Petty *v.* Barrett, 37 Tex., 84; Burns *v.* Jones, 37 Tex., 50.)

IV. The appellants did not tender the money due appellee and ask the surrender of the homestead, and without such payment they had no right or ownership in said property for the court to fix. The surplus of proceeds of sale of the property, after paying off appellee's debt, was adjudged to the appellants, the minors Georgie and J. G. McNeel, as devisees under the will.

V. The appellee, in occupying the homestead of her husband with him, did so in discharge of her duty as a conjugal partner and in performance of the marriage contract, and also by his consent, requirement, and approbation, and is not therefore liable for rent, use, or occupation, in offset to her claim for interest under the marriage contract.

VI. A debt against an estate is not invalid because it may be secured by lien upon property that does not belong to the estate. It was proper to first exhaust the security before looking to the assets of the estate for payment. The Probate Court had no jurisdiction over property not belonging to the estate.

Bonner, Associate Justice.—Although the contracts of the wife in restraint of her right to the homestead, made either in contemplation of marriage or after marriage, should be closely scrutinized, yet as the wife, in this case, is the only one who can complain, it is not believed that, under the circumstances, the court should interfere in her behalf, when, with a full

knowledge of all the facts and after the disability of coverture is removed, she voluntarily elects to take the provision made for her in lieu of the homestead, and not the homestead itself.

At the time of the marriage settlement, both the husband, J. G. McNeel, Sr., and his intended wife, Laura V. McNeel, the appellee, were competent to contract in regard to the homestead; and as they composed the only constituents of the family then and at his death, others not interested in the homestead exemption should not be heard to complain.

We do not admit that the husband, being the sole constituent of the family, could not, as against himself, have incumbered the homestead by a mortgage without power of sale. If so, however, still, marriage being a valuable consideration, his note therefor was valid in law. The legal effect of his will made this note a charge upon his homestead after his death, and consequently after it had ceased to be his homestead.

Although this could not ordinarily have been done in favor of a third party to the prejudice of the wife, yet, in this case, she is the only party interested, and being the beneficiary under the will, she could elect either to accept its provisions, or retain the homestead privilege.

That she, in her petition, set out the facts of the case and prayed judgment for the note and interest, and a sale of the property charged by the will with its payment, to satisfy the same, or, in the alternative, for the homestead itself, should not prejudice her claim. She was entitled to the one or the other.

That the husband, even after marriage, could execute a valid promissory note to the wife, was expressly decided by this court in Hall v. Hall, 52 Tex., 294.

Here, however, the note was given by the husband before marriage, and for a valuable consideration, and would stand as any other indebtedness against him.

Whether the interest would be separate property of the wife or community property, might depend upon the intention of the parties. If intended to be the separate property of the

wife, then, as between the parties, this would, under repeated decisions of this court, determine its character and make it such. (Higgins v. Johnson's Heirs, 20 Tex., 389; Smith v. Boquet, 27 Tex., 573.)

We think it evident, however, that even had the consideration of the note been the separate property of the husband or community property, it was intended that both the principal and interest should become the separate property of Mrs. McNeel.

If the claim of Mrs. McNeel had been allowed and paid, then she evidently could not legally have retained also the possession of the homestead; and if retained under these circumstances, she should have been charged with the use and occupation.

Her claim, however, was rejected, and she was forced to institute this suit. As before stated, she was entitled to the money or to the homestead. Under the circumstances, she could not have been required to give up the possession of the homestead, as her rights to the same might thereby have been prejudiced. It seems that she did not retain the exclusive control and benefit of it, and there is no evidence before us showing the value of the use and occupation, or that it was of any value. Her claim to have the note and interest paid by a sale of the homestead, if necessary, was superior to the interest therein of the other devisees, and they could not have lawfully deprived her of possession until such payment was made.

As thus presented by the record, we do not think that Mrs. McNeel should have been charged with the use and occupation, even had there been evidence of its value.

The minor children of Morgan L. McNeel were not necessary parties, and the court did not err in refusing to delay the case until they could be brought in. Under the will they were entitled to a specific legacy of certain pension warrants, and had no interest whatever in the homestead. Their rights in the estate were legally represented by the administrator.

There was, however, in our opinion, error in so much of the

decree as ordered the sale of the homestead to be made under the order of the District Court by the sheriff, and not through the County Court by the administrator.

The true rule in such cases is thus stated by Chief Justice Hemphill in Cunningham *v.* Taylor, 20 Tex., 129: "The better opinion seems to be, that the judgment of the District Court should merely establish the mortgage, remitting the creditor to the County Court for satisfaction of his claim. The policy of the statute is, on administration, to subject the whole of the estate to the supervision and control of the County Court for the payment of debts, the adjustment of the equities and preferences of creditors, and for the distribution of the property."

This is the rule adopted in other cases. (Robertson *v.* Paul, 16 Tex., 476; Fortson *v.* Caldwell, 17 Tex., 629; Boggess *v.* Lilly, 18 Tex., 200; Heath *v.* Garrett, 46 Tex., 25; Cannon *v.* McDaniel, 46 Tex., 316.)

This is an error, however, which can be corrected without remanding the case. (Thorn *v.* The State, 10 Tex., 295; Heath *v.* Garrett, 46 Tex., 25.)

It is accordingly ordered that the judgment below, so far as it decrees the sale of the land by the sheriff, be reversed and so reformed that it be certified to the County Court of Brazoria for enforcement, and that the costs of this appeal be adjudged against appellee.

REVERSED AND REFORMED.

[Opinion delivered March 5, 1880.]