Lipscomb, J.
From the view we shall take of this case it will not he necessary to its final disposition that we should notice but one point presented; that is, as to the validity of the sale made under the executions, under which sale the plaintiffs in tlie district court claim title to an undivided half of the land described in their petition. If the sale was void there is an end to tlie controversy. The record before us shows that the executions were issued before tlio death of the defendant in execution, and were levied and the property sold after his death. What was the effect of his death on tlie executions? Did it abate them, and take from tlie sheriff all authority for carrying- them into execution? At common law it is believed to be well settled, that *71 ii the execution is valid at tlie time it is placed in tlie hands óf the sheriff it is not abated by the death of either plaintiff or defendant; hut the sheriff may proceed to make the money. (2 Sellon Prac., Title, Execution; Bac. Abr., same title ; Bonnet and Wife v. Gamble, 1 Tex. R., 132, 133.)
In the last ease cited it may have been understood that tlie court recognized the common law doctrine as in force, and tlmt it was not affected by our probate law. The case did not make it essential to decide that question; and it can only be taken as an acknowledgment of the common law doctrine, and nothing more. Our opinion, at that time, was not well settled as to the validity of an execution issuing under such circumstances; and the same question ivas incidentally discussed at Tyler in the ease of Coles, administrator, X). -; but no direct decision had upon it because it was not, in our opinion, necessary in that case. The question as to the manner in which mortgage liens should be enforced against the estate of a deceased person had been'disciw.,cd and decided in the cases of Graham v. Vining, 1 Tex. R., 544, 545, and Martin v. Harrison, 2 Tex. R., 156; and we held that it could only be enforced through the probate court. This is the iirst time that the question lias been directly presented for our decision on the validity of a sale made under an execui'ion issued in tlie lifetime of tlie defendant, but levied upon, tlie properly of tlie estate, and sale made after liis death; and ¡after tlie most mature consideration we are prepared to' say that the common law, on this subject, has been abrogated by our probate law; and that tlie judgment liens on •tlie estate of a deceased person, like a mortgage lien, can only be enforced by an application to the probate court, and not by execution.At tlie time these executions were sued out the probate law of 1840 (Hart. Dig., p. 347) was in force. By the 22d section of that act (art. 1104) it is provided tliat tlie owners of claims which have been presented, acknowledged, and approved, or which have been established by judgment,' shall be entitled, in the following order, to a full or pro rata payment at tlie sixtli regular term of the court after granting tlie letters: iirst, funeral expenses; second, debts duo the late Republic of Texas; third, debts due the Government of the United States; fourth, taxes assessed for t he State; fifth, recorded mortgages and liens on specific property; then, judgments’ of the courts of this State, the oldest first; sixth, all other debts. C^hls provision of tlie probate law, we believe, affords sufficient security for tlie enforcement of all liens, whether by judgment or specific mortgage. It secures the judgment lion by directing that the'bldcst shall be paid first. We believe that it ivas manifestly the intention of the legislature, by this section and others in tlie same act, to give to tlie probate court jurisdiction to enforce tlie payment of all moneyed demands against an estate of a deceased person, whether such payment is secured by a lien or notij (See arts, of the Digest, 1095, 1090, 1097, 1098, 1103,
The execution having abated by the death of tlie defendant before tlie sale, no title could be acquired thereby; and this going to tlie whole of the plaintiffs’ cause of action, it is not necessary to dispose of the other points raised in the argument, as, whether correctly decided or not in the court below, could not control the result.
It may be well to remark that tlie probate law of 1848 is not materially different from the act of 1840 as to the settlement of moneyed claims against an ■estate, and there could be no enforcement of a lien by an execution under it.
Reversed and dismissed.
Note 25. — Chandler v. Burdett, 20 T., 42. The correctness of the rule questioned by Moore, J. Webb v. Mallard, 27 T., 80.