Opinion delivered June 10, 1887.

---

## No. 5773.

## ISAAC MEYERS ET AL. v. KATE EVANS ET AL.

1. JUDGMENT—ADMINISTRATION.—A purchaser at a sale made under a judgment of the district court rendered against an administrator, foreclosing a mortgage on land, given by his intestate, acquires no title when the sale is made by the sheriff under order of the district court requiring the land to be sold as under execution. Under repeated decisions, the judgment should be certified to the county court and the mortgaged property sold by the administrator under proper order from that court.

APPEAL from Bell.. Tried below before the Hon. W. A. Black-burn.

*Harris &. Saunders*, for appellant, cited Emmons v. Williams. 28 Texas, 779, and authorities there cited.

*W. A. McDowell*, for appellee.

STAYTON, ASSOCIATE JUSTICE.  The appellees, to sustain their title, were permitted to offer in evidence a judgment, rendered in 1867 (against the administrator of the estate of the orginal grantee), by the district court for Bell county.  The judgment was for money and the foreclosure of a mortgage given by the intestate to secure its payment.  This judgment directed that the clerk of the. county court for Bell county should issue an order directing the land to be sold, as under execution, and the proceeds applied to its payment.  The county clerk issued the order, which was directed to the sheriff of the county, who proceeded in accordance with its directions to sell the land and make a deed to the purchaser, who was the person under whom the appellees claim.

The papers evidencing these proceedings were all offered in evidence over the objections of the appellants, and their admission is assigned as error.

We know of no statute which authorized the sale of the property belonging to the estate of a deceased person, on which there is a regular administration, in the manner in which the sale in this case was made, and the sale conveyed no title; hence, the evidence objected to should have been excluded. (Emmons v. Williams, 28 Texas, 779; Conkrite v. Hart, 10 Texas, 140; Cunningham v. Taylor, 20 Texas, 129; Fortson v. Caldwell, 17 Texas, 629; McMiller v. Butler, 20 Texas, 406; Boggess v. Lilly, 18 Texas, 205; Chandler v. Burdett, 20 Texas, 45.)  The judgment should have been certified to the county court and the property mortgaged sold by the administrator under proper order of that court.

The invalidity of the deed made by the sheriff to the vendor of appellees breaks the continuity of their title, and it becomes unnecessary now to inquire whether the loss of the deed from Alfred Evans to Prior Evans was sufficiently shown to authorize the admission of evidence to prove its execution and contents.  It is suggested that the appellees are entitled to recover

even if the deed made by the sheriff to Alfred Evans was invalid, on the ground of their former possession. They do not show that their possession continued for such period of time and under such circumstances as to give them title by limitation; nor do they show that the appellants acquired possession under such circumstances as to entitle them to recover against appellees as mere trespassers, on account of their prior possession.

There is some evidence from which it may be suspected, but it is not proved, that the appellees occupied the land for some years as a homestead, and that the husband may have attempted to sell it to the appellants without being joined by his wife. If this state of facts can be shown, the appellees may be entitled to recover without deraigning title from the sovereignty of the soil.

For the error in admitting the evidence, to which we have referred, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*