No. 6118.

Amalia Schmidtke et al. *v.* John A. Miller.

1. Scire Facias—Venue.—Scire facias to revive a judgment is a continuation of the same suit and the jurisdiction is where the original judgment was rendered, regardless of the residence of the defendants.
2. Same—Parties Defendant.—Upon a defendant dying in a proceeding to revive a money judgment the legal representatives are necessary parties, and the heirs are only proper parties in such suit where there is shown to be no administration nor need of one.

3. CLAIMS AGAINST ESTATES.—The statutes of the State provide that such claims should be enforced through the probate courts.

4. HEIR—ASSETS.—Judgment upon a money claim against the ancestor should not be rendered against heirs unless they received assets from the ancestor, as in absence of assets no liability exists.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

This is an appeal from a judgment of the district court of Bexar county on scire facias reviving a judgment for seven thousand seven hundred and sixty-five dollars and seventy-four cents, which had been rendered March 1, 1877, in the same court, in favor of Miller, the appellee, and against H. Hamilton and Charles Schmidtke. The judgment had become dormant.

On August 4, 1884, petition was filed to revive the judgment and both defendants were served with writs of scire facias. Both defendants answered.

During the pendency of the writ of scire facias, defendant Charles Schmidtke died.

On December 21, 1885, appellee, plaintiff below, filed the amended original petition upon which he went to trial.

In this amended original petition appellee set forth the foregoing matters and that Charles Schmidtke left surviving him as his sole heirs, his widow, Amalia Schmidtke and his two minor children, Emma Schmidtke and Charles Schmidtke, Jr., who were made parties defendants. Amalia Schmidtke, the surviving wife, and the two minor children reside in Bandera county, Texas.

Petition alleged that the wife and children, the appellants, inherited from their husband and father, twenty-one thousand one hundred dollars in value, and enumerates the property alleged to have been received by them; and asked judgment and execution against the surviving original defendant Hamilton as well as against the surviving wife and minor children of Charles Schmidtke, Sr., deceased. The court below appointed a guardian ad litim for the minors.

On September 6, 1886, Amalia Schmidtke and the two minors by their guardian filed an amended original answer, claiming their privilege of being sued in the county of their acknowledged residence; also filed general and special demurrers, a general denial and other defenses

The plea of privilege and the exceptions were overruled.

Upon a trial before a jury appellee proved the recovery of the original judgment against Hamilton and Charles Schmidtke, Sr., and rested his case, offering no testimony in support of the other allegations of his pleadings. Appellants offered no testimony, but interposed a demurrer to appellee's evidence.

The case was then withdrawn from the jury, the court overruled the demurrer to appellee's evidence and rendered judgment in favor of appellee against Hamilton for the full amount and rendered the judgment against the surviving wife and the two minors, ordering execution against appellants to the extent only for such amount as they may have received or inherited from their husband and father, Charles Schmidtke, Sr., deceased, which was subject to the payment of his debts.

From this judgment Mrs. Schmidtke and her minor children appealed.

The appellant assigned errors:

1. The overruling of the general and special exceptions to the petition.

2. Overruling the plea of privilege of defendants of their right of being sued in the county of their residence.

3. In failing to prove that the appellants had received any assets of the husband and father there was no action shown by the plaintiff below.

4. In demurring to the evidence should have been sustained.

5. Execution should not have been ordered, etc.

*Minter & Algelt,* for appellants: 1. Appellee had an adequate remedy at law to reach the assets of the estate of the deceased by an administration and did not allege any reason why he did not pursue such remedy. (Austin v. Reynolds, 13 Texas, 544; Carson v. Moore, 23 Texas, 451; Webster v. Willis, 56, Texas, 472.)

2. The action against Schimdtke's heirs should have been brought in the county of their residence. (Rev. Stats., 1198; Perkins v. Hume, 10 Texas, 50; Townsend v. Smith, 30 Texas, 465.)

3. Appellants were not liable unless they received property from the estate, and in absence of proof that they had so received property judgment should have been in their favor.

(Mayes v. Jones, 62 Texas, 365; Yancy v. Batte, 48 Texas, 59; Webster v. Willis, 56 Texas, 469.)

4. Execution should not have been awarded. (Rev. Stats., 2275, 2330; Emmons v. Williams, 28 Texas, 776.)

*Wurzbach & Boone,* for appellee: A proceeding by scire facias to revive a judgment is a continuation of the original suit, in which the judgment sought to be revived was rendered, and the court or tribunal which rendered the original judgment has jurisdiction for the purpose of reviving the same. (Rev. Stats., art. 3210; Austin v. Reynolds, 13 Texas, 544; Carson v. Moore, 23 Texas, 451; Henderson v. Vanhook, 24 Texas, 358; Perkins v. Hume, 10 Texas, 50; Hopkins v. Howard, 12 Texas, 8, 9; Masterson v. Cundiff, 58 Texas, 474.)

Unless the errors complained of in the judgment of the court below are such as to cause the appellant some substantial injury, or deprive them of some substantial right, then the errors, if any, are not such as to require a reversal, and the judgment should be affirmed. (Day v. Stone, 59 Texas, 613; Johnson v. Blount, 48 Texas, 45, 46; City of Galveston v. Morton, 58 Texas, 416.)

WALKER, ASSOCIATE JUSTICE. The objection to the jurisdiction of the court is not well taken. Scire facias to revive a judgment lies in the court where the judgment was rendered regardless of the residence of the defendants. It is a continuation of the same suit. (58 Texas, 474, Masterson v. Cundiff.)

Article 1248, Revised Statutes, provides that where a defendant dies before judgment, scire facias may issue to the administrator or executor and, in a proper case, to the heir of such deceased defendant, requiring him to appear and defend the suit.

It would seem that article 1249 indicates the rule, when it is proper, that the heir be cited, viz: "Where there is no administration and no necessity therefor," taken with other statutory rules, as where suit is for land, where both heir and administrator should be cited.

The rule at common law is as given in Freeman on Executions, section 83: "Upon the death of a defendant, leaving a judgment which is not a lien on any real estate, no one but his personal representative need be made a party to the scire facias."

Opinion of the court.

The administration of estates is vested in the probate courts, organized specially for that purpose. Interference with this jurisdiction by other courts has not been favored, and exceptions to it are but cautiously allowed. It is against the policy of our laws for the administration of estates to allow one unsecured creditor to sell under execution property to whom all other creditors in like condition have equal claims. (27 Texas, 83, Webb v. Mallard; 20 Texas, 405, McMiller v. Butler; Id., 44, Chandler v. Burdett; 10 Texas, 140, Conkrite v. Hart.)

In this case the petition alleged that deceased left assets which came into the possession of the heirs, but no allegation appears that there was no administration nor necessity for it. The judgment sought to be revived is simply a money judgment. These allegations do not show a proper case for citing the heirs. On the trial, so far as the statement of facts shows, no evidence was produced that assets were left by the deceased at his death. Without inheriting assets no liability rests upon the heir for the debts of the ancestor. It was error therefore to render any judgment whatever against the appellants upon the testimony. (62 Texas, 365, Mays v. Jones; 56 Texas, 472, Webster v. Willis.)

The case evidently was tried upon the theory that the plaintiff was entitled to call in the heirs, and to have the judgment revived upon the suggestion of the death, and the production of the original judgment after the heirs had been cited.

The judgment will be remanded. If there is an administration pending, the executor or administrator should be made parties. If none, nor any necessity for one, then such facts should appear in the pleadings. With heirs as proper parties and testimony to their having received assets, judgment would follow reviving the original, at least to the amount of assets. With executor or administrator as party defendant judgment would be revived, but to be paid in due course of administration.

*Reversed and remanded.*

Opinion delivered June 1, 1888.