### MINNIE F. WARD ET AL. v. J. E. BILLUPS ET AL.

#### No. 2745.

**Injunction, Sale Violating Void.** — A mortgage was executed by the husband upon his business homestead, with other lands. A decree of foreclosure with order of sale was rendered. An order of sale having issued, the wife with her husband obtained a temporary injunction restraining the sale of the said business homestead. Before hearing in the injunction case the order of sale was returned and an execution was issued under which the business homestead was sold. *Held:*

1. That such sale was in contempt of the injunction order, and passed no title.

2. That no execution under the decree could properly issue until after the return of the order of sale.

3. The answer setting up the purchase under the execution was no defense, and exceptions to it should have been sustained.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart.

This is an appeal from a judgment for defendants dissolving an injunction which had been sued out by the plaintiffs, and for affirmative relief asked in a cross-bill by the defendants to the injunction suit.

It was shown in the petition for injunction by the plaintiff Minnie Ward, with whom was joined her husband, that May 24, 1886, her husband, without her knowledge or consent, executed to Wallis, Landes & Co. his note for $5751.91 and a deed of trust upon certain lands and lots in Jackson County, Texas, and also upon a certain store house and lot in Edna, known as lot 8, block 14, range 6, which lot was the business homestead of petitioners. That said house and lot has continued to be the homestead of petitioners ever since the trust deed was made, and for several years before, which fact was known to Wallis, Landes & Co. and to Billups, the sheriff. That on February 14, 1888, Wallis, Landes & Co. recovered a

judgment in the District Court of Galveston County on said note against the husband, L. E. Ward, with a decree foreclosing the said trust deed; that thereupon an order of sale was issued and placed in the hands of Billups, sheriff of Jackson County, and as therein directed said sheriff had advertised said homestead for sale on April 30, 1888, and under the terms of the judgment and order of sale the purchaser was to be placed in possession of said property within thirty days after the day of sale; that said lot 8 is the business homestead of petitioners and not subject to forced sale for the payment of debts, and the trust deed thereon is void; and prayed for an injunction to restrain the sale, to be made perpetual upon a final hearing.

The injunction was granted and made returnable in Galveston, the county where the judgment enjoined was rendered.

Defendants answered by demurrers and by answer setting up their trust deed and judgment, denying that lot 8 was the homestead, and pleading abandonment. They further alleged that on May 10, 1888, Wallis, Landes & Co. caused an execution to issue upon their judgment, and thereunder they caused lot 8 to be sold and themselves purchased it on June 5, 1888, and received deed from the sheriff; and they set up this title against plaintiffs in the Galveston District Court and pray judgment for the title and possession of the lot.

The injunction had been issued and was served upon all of the defendants March 31, 1888.

Plaintiffs, by supplemental petition, demurred generally and specially to this answer, because, being a suit in trespass to try title, so far as the cross-bill of defendants was concerned, it could only be tried in Jackson County, because not a plea in reconvention, and because the title under the execution issued in violation of the injunction was void. Answered denying that they had ever abandoned the homestead, setting up its value and the value of the residence homestead, and asserting continuance of their homestead rights to date, and stating the business followed by Ward to be that of commission merchant. They prayed for a cancellation of defendants' title to lot 8 as a cloud upon their title, and for the perpetuation of the injunction.

There was a trial by jury, a verdict for the defendants, and judgment for defendants for the lot and dissolving the injunction.

Motion for a new trial being made and overruled, plaintiffs appealed.

*A. B. Peticolas* and *J. D. Owen,* for appellants. — Execution issued in violation of a pending injunction is issued without authority of law, and will not support a title made under it. Morris v. Bradford, 19 Ga., 527; 2 High on Inj., sec. 1446; 10 Serg. & Rawle, 190, 191; Winn v. Albert, 2 Md. Ch., 42; Farnsworth v. Fowler, 55 Am. Dec., 718; 1 Swan, 1.

*Davidson & Minor*, for appellees.—The injunction issued was upon the allegations of appellants that the trust deed declared on, and the order of sale issued thereon, in so far as it pertained to said lot 8, was void. Such being the extent and scope of the injunction, an execution issued thereafter on the judgment against L. E. Ward was not in violation of the pending injunction, but was authorized by the judgment, which remained unsatisfied.

COLLARD, JUDGE.—Plaintiffs' petition claimed the property as their homestead, and that it was such at the time and before the deed of trust was executed, and on this account they asked to be protected therein, and prayed that defendants be restrained in the enforcement of the order of sale issued under the judgment of Wallis, Landes & Co. foreclosing the deed of trust. The district judge by his fiat in chambers ordered the clerk to issue the writ prayed for; the clerk issued the writ commanding defendants to desist from selling or causing to be sold the lot claimed by plaintiffs as a part of their homestead until further order of the District Court. Plaintiffs' injunction was still pending when the execution was issued, and the property was sold thereunder to Wallis, Landes & Co., defendants enjoined.

The sale under the execution was in violation of the letter and spirit of the injunction. The order of sale could not have effect as an execution until the sale of the specific property therein described was made, nor could an ordinary execution issue thereunder until the injunction restraining the execution of the order of sale was disposed of. The judgment foreclosing the deed of trust was by its terms to be enforced by an order of sale, and when the property ordered sold was exhausted, if the judgment was not satisfied, execution was to be issued, and the unpaid portion of the debt was to be made in the ordinary method by levy and sale.

The object of plaintiffs' suit was to stop proceedings to sell the property until the question of homestead was adjudicated, and the object and purpose of the writ was to prevent the sale of the lot by any process of the court under the judgment until the court decided the homestead issue. Defendants attempted to defeat these purposes of the suit and the writ by suing out execution and causing sale to be made before any adjudication of the homestead question, and while the injunction was still in force. This was a contempt of the court's order enjoining the sale; no title could pass by such proceeding. Seligson v. Collins, 64 Texas, 315; 2 High on Inj., secs. 1434, 1447; Rapal. on Contempt, sec. 51; Morris v. Bradford, 19 Ga., 527; Farnsworth v. Fowler, 1 Swan (Tenn.), 1.

It was error to overrule the exceptions of plaintiffs to that portion of defendants' answer setting up the title acquired under the execution sale,

and error not to exclude the evidence of such sale, for which we think the judgment of the lower court should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 11, 1890.