### JOSEPH RYAN v. JENNIE RALEY.

Decided December 11, 1907.

**Judgment of Foreclosure—Execution for Balance.**

Under a judgment foreclosing a lien on property and ordering the sale thereof for the satisfaction of the debt adjudged to be due, execution may issue

for any balance, remaining unpaid although the judgment does not expressly provide for such execution.

Error from the 45th District Court, Bexar County. Tried below before Hon. J. L. Camp.

*Kelso & Lipscomb,* for plaintiff in error.—On a judgment merely foreclosing a lien, and not providing, in terms, for a deficiency judgment, the mortgagee is confined to a sale of the mortgaged premises, and is not entitled to resort to other property, or to the person of the mortgagor. Wiltsie on Mortgage Foreclosure, sections 197, 203 and 601; Rev. Stats., art. 1340.

*James Raley,* for defendant in error.

FLY, Associate Justice.—This is an action of trespass to try title to lots 6 and 7 in block 2, New City block 2926, San Antonio, Texas, instituted by appellee against appellant. She recovered the land in a trial without a jury.

The evidence shows an unbroken title to appellee in the land in controversy, from Santiago Bargas, the common source. One of the links in the chain of title of appellee is a sheriff's deed, made under an execution levied under a judgment of foreclosure of a vendor's lien, the execution having been issued after the sale of the property on which the lien was foreclosed, for a balance remaining unpaid on the judgment of foreclosure. The execution was issued in a case styled C. C. Abee v. Santiago Bargas. Appellant claimed through a deed from Santiago Bargas. There is but one assignment of error and under it are advanced the propositions that "on a judgment merely foreclosing a lien and not providing in terms, for a deficiency judgment, the mortgagee is confined to a sale of the mortgaged premises, and is not entitled to resort to other property, or to the person of the mortgagor," and that "one claiming rights under an execution for a deficiency in a suit for foreclosure of a mortgage, must show that such execution was authorized in the decree of foreclosure." The propositions amount to the assertion that no amount remaining due on a judgment of foreclosure on real estate, after the order of sale has been executed, can be collected under execution, unless it is specially recited in the judgment that such authority is given.

The propositions of appellant are based on article 1340, Revised Statutes, which prescribes the form of decree to be rendered in foreclosing mortgages, one of the requirements being that it provide that an order of sale issue to sell the property and "if the property can not be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to make the money, or any balance thereof remaining unpaid, out of any property of the defendant, as in case of ordinary executions." Is a sale of other property, in case of the proceeds of the mortgaged property being insufficient to settle the debt, authorized under an order of sale which pro-

vides for such deficiency, but which is issued under authority of a judgment which does not provide for a deficiency?

The judgment offered in evidence is not in compliance with the statute cited because it does not in terms award an order of sale, the only words used that touch indirectly thereon being "that the vendor's lien be foreclosed on the above lot 28 and the same be sold to pay off this judgment and the costs of this suit," which would seem to exclude the probability of a deficiency. There is no language used in the judgment that has in contemplation a deficiency after the sale of the lot. The decree of foreclosure does fix, however, the indebtedness of Santiago Bargas and Gus Tyler to C. C. Abee and orders the sale of the lot. The consequence of the decree was to establish an obligation and conferred on the successful party the right to issue an execution or other process of the court for its enforcement. The right to use the process of the court to enforce the collection of the debt, arose from the decree of obligation to pay, and not from any language of the judgment, and a valid execution can be issued under a judgment which does not in terms authorize the issuance of executions. Black, Judg., sec. 4; Freeman, Judg., sec. 2; Roberts v. Connellee, 71 Texas, 11; Hartz v. Hausser (Texas Civ. App.), 90 S. W. Rep., 63; Taylor v. Doom, 43 Texas Civ. App., 59.

The authorities establish the rule that executions can be legally issued under the authority of judgments not in terms providing for the same, but the question arises, does a different rule apply in cases of foreclosure of liens, in which class of cases it is provided by statute that provision shall be made in the judgment for the seizure and sale of the mortgaged property, and if it can not be found or the proceeds are insufficient to satisfy the judgment, then to make the money or any balance out of other property belonging to the defendant? We are of the opinion that the same rule would apply. The judgment in question is undoubtedly a final one, and under our blended system of law and equity, the same rules would apply to decrees of foreclosure as to other judgments, and we do not think that article 1340 should be construed to provide that a judgment of foreclosure which fails to provide for execution against other property deprives the plaintiff in the foreclosure proceedings of his remedy against other property. It was the rule under the common law that an execution could not be issued by virtue of a decree in foreclosure proceedings, against other property of the mortgagor for a balance remaining unpaid after the sale of the mortgaged property, and we are of the opinion that the prime object of article 1340 was to give statutory authority for the issuance of an execution in such cases, and that it was not intended that such execution could not issue unless it was provided for in terms in the judgment or decree. This construction is recognized in Frankel v. Byers, 71 Texas, 308, where it was held that the only requisites of a judgment of foreclosure, under the article in question, were subjecting the property to the judgment and providing for an order of sale. Those requisites were practically met in the judgment in question.

In the case of Hyder v. Butler, 52 S. W. Rep., 876, the Supreme Court of Tennessee had under consideration a sheriff's deed which had been executed under the authority of an execution sale made under a decree that did not provide for execution for the balance that might remain after the sale of property ordered to be sold to satisfy a vendor's lien, and the court said: "It is true that the recitals of the deed imply, and that the record upon which it is based distinctly shows, that the chancellor did not, in terms, order the issuance of execution. Such order, however, was not necessary to the validity of the writ. Both the deed and the supporting record show a formal decree for $448.17, a specific sum; that it was adjudged to be a lien on the land involved in that cause; and that a part of that decree remained unsatisfied after the enforcement of that lien. More than this was not essential to authorize the master to issue an execution for the unpaid balance of the decree. It is not required in a money recovery—whether a decree in chancery or a judgment at law—that the court shall in terms direct the issuance of an execution. Such a decree or judgment, without more, is in and of itself an award of execution."

It is made the duty of the district and county clerks to issue executions in every case in which a judgment has been rendered for the enforcement of the judgment and the collection of the costs, from and after the adjournment of their respective courts. Article 2324, Rev. Stats. We think that provision covers all final judgments whether the issuance of executions is provided for therein or not, and there can be no reason why it should not include judgments of foreclosure of liens. The judgment is affirmed.

*Affirmed.*

Writ of error refused.