### MORGAN v. MASSILLON ENGINE & THRESHER CO. et al.   (No. 1244.)

(Court of Civil Appeals of Texas. Beaumont. June 1, 1925. Rehearing Denied June 10, 1925.)

**1. Judgment ⬅⚫➡853(3) — Injunction against enforcing judgment held to suspend running of statute, making it dormant.**

Since, under Rev. St. arts. 4660 and 4661, execution on judgment, enforcement of which had been enjoined, would have been void, when injunction against enforcing judgment was in force, although order granting it was appealed from, failure to issue execution for more than 10 years, or to comply with article 3717, *held* not to make judgment dormant.

**2. Appeal and error ⬅⚫➡1097(5)—Court of Civil Appeals has no power to question validity of sale ordered by Supreme Court.**

Where enforcement of judgment foreclosing lien had been enjoined, and on final appeal to Supreme Court injunction was dissolved, and land ordered sold, though owners of land had died in meantime, Court of Civil Appeals could not question validity of sale on alias execution, notwithstanding Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 3723, forbidding execution on judgment after death of defendant.

On Rehearing.

**3. Appeal and error ⬅⚫➡1097(5)—Court of Appeals will not assume that Supreme Court overlooked legal effect of facts found by it.**

Where it was contended that mandate of Supreme Court, ordering judgment sale after death of judgment debtor, was violation of Complete Tex. St. 1920, or Vernon's Sayles'

Ann. Civ. St. 1914, art. 3723, Court of Civil Appeals would not assume that Supreme Court overlooked legal effect of facts expressly found by it, and upon which its judgment was based.

**4. Courts ⬅⚫➡247(8)—Construction of statute held within jurisdiction of Supreme Court.**

Where on review by Supreme Court of injunction against enforcing judgment for sale of property claimed as homestead, death of judgment debtors was before court, construction of Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 3723, providing that execution should not issue on judgment against deceased debtor, *held* within jurisdiction of Supreme Court.

**5. Appeal and error ⬅⚫➡1096(3)—Failure to complain of error of Supreme Court held to preclude subsequent complaint thereof.**

Where matter was within jurisdiction of Supreme Court, failure of party to assign error to ruling claimed to be erroneous in legal and orderly manner, provided by law, *held* to preclude subsequent complaint of error.

**6. Appeal and error ⬅⚫➡1198—Alias order of sale proper under mandate of Supreme Court, permitting former judgment to be enforced.**

Where execution on judgment foreclosing lien on property was enjoined, and on final appeal to Supreme Court mandate permitted enforcement of that judgment, issuance of alias order of sale where judgment could not be enforced under order of sale originally issued, *held* proper and within intent of mandate.

Appeal from District Court, Chambers County; J. M. Combs, Judge.

Trespass to try title by George L. Morgan against the Massillon Engine & Thresher Company and others. Judgment for defendants on their cross-action, and plaintiff appeals. Affirmed.

J. R. Hill, of Houston, for appellant.

A. W. Marshall and H. H. Jackson, both of Anahuac, E. B. Pickett, Jr., of Liberty, and H. E. Marshall, of Houston, for appellees.

WALKER, J. We take the following statement of the nature, result and issues in this case from appellant's brief:

"Appellant, Geo. L. Morgan, brought this suit in the district court of Chambers county, Tex., in trespass to try title against the Massillon Engine & Thresher Company, H. E. and A. W. Marshall, and H. H. Jackson, appellees. The defendants below and appellees herein answered by a plea of not guilty, and reconvened in trespass to try title, and prayed for title and possession of the land involved by cross-action. Appellant answered by a plea of not guilty, and specially, in which he set up: (1) That on the 13th day of March, 1905, in the district court of Chambers county, Tex., in a certain cause wherein the Massillon Engine & Thresher Company was plaintiff, and J. M. Barrow and others were defendants, the said engine company recovered a money judgment against Lee, J. M. Barrow, and Clarance Barrow, in

the sum of $2,802.42, and foreclosing a lien upon part of the land in controversy; that thereafter, on the 21st day of March, 1905, an execution was issued on said judgment, and that no other order of sale or execution was ever issued thereon within 10 years from the date of said order of sale, and that, by reason thereof, said judgment was dormant, and that no valid order of sale could.issue thereon thereafter; (2) that on or about the 5th day of May, 1922, the appellee Massillon Engine & Thresher Company had the clerk of said court to issue on said judgment an alias order of sale directed to the sheriff of said county, commanding him to seize and sell said lands in satisfaction of said judgment; who thereupon seized said land and sold the same at public sale.on the 6th day of June, A. D. 1922, at which said sale said engine company bought in said land, and thereupon said sheriff executed his deed thereto. therefor; (3) that, after the rendition of said judgment, and before said sale, in the year 1910 the defendant Lee Barrow died, and that in the year 1914, after the rendition of said judgment, and before said sale, the defendant J. M. Barrow died; that by reason thereof no.valid execution could issue on said judgment; that said judgment, order of sale, return thereof, and said sheriff's deed were links in defendant's chain of title, and that by reason of said matters and things, said alias order of sale was void, the sheriff's sale a nullity, and that no title passed thereby, and that said sheriff's deed was a nullity, and cast a cloud upon appellant's title, and prayed that the said sheriff's sale and deed be in all things canceled, set aside, and held for naught, etc.

"Before announcing ready for trial, plaintiff took a .nonsuit, and the case was tried on the cross-action of the appellee's and appellant's answer thereto, the court rendering judgment for the appellees for the title and possession of the land, to which action and judgment of the court appellant, in open court, timely excepted, gave notice of appeal, and in due time filed his appeal bond, assignment of fact, etc."

A full and complete statement of the facts involved·in the injunction proceeding, wherein the district court of Chambers county restrained the execution of the judgment in favor of the Massillon Engine & Thresher Company against the Barrows, is found in the decision of the Supreme Court reported in (Tex. Com. App.) 231 S. W. 368. We quote as follows from that opinion:

"Clarence Barrow and wife, Rosa, Lee Barrow and wife, Josephine, and J. M. Barrow and wife, Jane, instituted this suit in the district court of Chambers county, Tex., naming the Massillon Engine & Thresher Company, a corporation, and F. R. Lafour, sheriff\ of Chambers county, Tex., as defendants, seeking to restrain the sale of the lands described in the petition—the corporation having procured the issuance of an order of sale upon a judgment which the corporation had secured in the district court of Chambers county, Tex., against Clarence, Lee, and J. M. Barrow, and this order of sale having been placed in the hands of the sheriff. Lee and J. M. Barrow having died during the pendency of the suit, the proper heirs were made parties thereto.

"The basis of the judgment against the three

Barrows was this: On October 7, A. D. 1903, in order to better secure the corporation in the payment of an indebtedness which the Barrow brothers owed it, the three brothers, joined by their wives, executed and delivered a mortgage upon their undivided interest in the two tracts of land which are the subject of this controversy—one consisting of 540 acres; the other of 160 acres. Upon the indebtedness becoming due, and upon default in the payment thereof, that suit was instituted, but the wives were not made parties thereto. Judgment for the amount of the indebtedness, with foreclosure of the mortgage lien, was rendered; the judgment directing an order of sale upon the lands upon which such lien was foreclosed.

"The present suit for injunction is predicated upon the alleged ground that the land in question constituted, at the time of the execution of the mortgage, the homestead of the plaintiffs, and that the mortgage was not executed for the purpose of paying or securing the payment of any lien for purchase money, taxes, or improvement upon such homestead.

"The court issued a temporary restraining order, and, upon final hearing, perpetually enjoined the foreclosure, by order of sale, of the judgment lien against the land claimed as homesteads by the plaintiffs, and in this final order decreed that, in so far as the judgment in the foreclosure suit purported to fix a lien against the land described in the judgment, it be canceled and held for naught. Upon appeal, the Court of Civil Appeals affirmed the judgment. 203 S. W. 933.

"J. S. Barrow died in 1892, leaving surviving him seven children—Clarence, Lee, and J. M. being of this number—and his wife, Eliza Jane Barrow, the mother of these children. It is admitted that the 540-acre tract, known as the Banda tract, was the separate property of J. S. Barrow, and the 160-acre tract, known as the Barrow tract, the community property of the marriage."

After disposing of the legal issues involved, the Supreme Court remanded the case with the following instructions:

"We recommend, therefore, that the judgment of the district court be modified, so as to permit the carrying out of the order of sale, under the terms of the judgment in the original suit, of the undivided interest of Clarence Barrow in the Barrow survey, and .of Clarence Barrow and the other defendants in error of their undivided interest in the 540-acre tract of land; and, as so modified, that the judgment be affirmed."

## Opinion.

[1] While the issuance of the execution in the judgment ·of Massillon Engine & Thresher Company against the Barrows was enjoined by the district court of Chambers county, and during all the time that case was on appeal, through the appellate courts of Texas until its final disposition by the Supreme Court on the 21st day of June, 1921, the plaintiff in that case was without legal authority to issue execution. Had execution issued on that judgment, it would have been void, plaintiff would have been subject to contempt proceedings, and any sale made

under such execution would have been void. Article 4660, R. S. of Texas; article 4661, R. S. of Texas; Ward v. Billups, 76 Tex. 466, 13 S. W. 308; Ryan v. Raley, 48 Tex. Civ. App. 187, 106 S. W. 750; Seligson v. Collins, 64 Tex. 314; 17 Cyc. 1007, § 4; Lindsay v. Norrill, 36 Ark. 545; Muncaster v. Mason, 17 Fed. Cas. 983, 2 Cranch C. C. 521; Noland v. Seekright, 6 Munf. (Va.) 185; Wakefield v. Brown, 38 Minn. 361, 37 N. W. 788, 8 Am. St. Rep. 671.

It is the modern rule that the injunction suspends the running of the statute. 17 Cyc. 1008. Therefore appellant's first issue, as stated in his brief copied above:

"Where a sale of land under an order of sale is temporarily restrained and more than ten years elapse after the date of said order of sale and before the injunction suit is finally disposed of, does the granting of said restraining order relieve the plaintiff in execution of the duty of complying with article 3717, Complete Texas Statutes, 1920 [or Vernon's Sayles' Ann. Civ. St. 1914] in order to keep the judgment from becoming dormant?"

—must be answered, in view of the authorities cited, which hold that an execution cannot lawfully issue while the enforcement of the judgment is restrained; that the failure to issue execution does not make the judgment dormant. It follows that the judgment obtained by the Massillon Engine & Thresher Company against the Barrows in 1905 was not dormant when the order of sale was sued out in this case, under which the land was finally sold.

[2] Appellant states the second issue as follows:

"In view of article 3723, Complete Texas Statutes, 1920 [or Vernon's Sayles' Ann. Civ. St. 1914] on judgment rendered prior to the death of defendant, can a valid order of sale issue thereon, and will a sale of land by the sheriff in virtue thereof convey title?"

Article 3723 is as follows:

"Where a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration."

In view of the mandate of the Supreme Court in Massillon Engine & Thresher Co. v. Barrow, supra, we do not think that article 3723 has any application to the facts of this case. It clearly appears from the opinion of the Supreme Court that, in disposing of the Massillon Engine & Thresher Company against Barrow it was fully advised of the death of the Barrows, and made its order with that fact before it. In suing out the order of sale and selling the land the plaintiffs in the judgment that had been enjoined during all those years literally followed the mandate of the Supreme Court, wherein it was recommended by the Commission of Appeals "that the judgment of the district court be modified, so as to permit the carrying out

of the order of sale, under the terms of the judgment in the original suit," etc. Only the land was sold that the order of the Supreme Court subjected to the original judgment. Since the Supreme Court itself ordered the land sold under an order of sale, after the death of the Barrows, this court has no power to set aside such a sale nor to question its validity. Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684.

### On Rehearing.

[3] Appellant, among others, assigns the following as errors against our order affirming the judgment of the lower court:

"(1) We submit the Supreme Court must have unintentionally overlooked the effect the death of the defendants J. M. and Lee Barrow had on the enforcement of the judgment and order of sale in question."

It would be a violent assumption on our part that the Supreme Court "overlooked" the legal effect of the facts expressly found by it, and upon which its judgment was based. We cannot grant a rehearing on this proposition.

[4, 5] Again he says:

"(2) However, if it was the intention of said honorable court to order the sale of these dead men's estates, then we most urgently insist that the Supreme Court overstepped its jurisdiction."

The construction of article 3723, quoted in our original opinion, is clearly within the jurisdiction of the Supreme Court, and, following the judicial history of this article, as construed by the courts of this state, it would seem that it may have meant one thing at one time and another thing at another time. This is illustrated by what the court said in Fleming v. Ball, 25 Tex. Civ. App. 209, 60 S. W. 985, on review of the authorities construing this article:

"A review of the Texas cases shows that the point at issue was first passed upon in the case of Conkrite v. Hart, 10 Tex. 140, and it was held that a sale of land made after the death of a defendant, under an execution issued before his death, was void, and that no title was acquired thereby. That decision was affirmed in Robertson v. Paul, 16 Tex. 472; Boggess v. Lilly, 18 Tex. 200; Chandler v. Burdett, 20 Tex. 42; McMiller v. Butler's Adm'x, Id. 402; Emmons v. Williams, 28 Tex. 778; Cook v. Sparks, 47 Tex. 28; Meyers v. Evans, 68 Tex. 466, 5 S. W. 66; Schmidtke v. Miller, 71 Tex. 103, 8 S. W. 638; Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Hooper v. Caruthers, 78 Tex. 432, 15 S. W. 98.

"The decision in Conkrite v. Hart was first questioned in Webb v. Mallard, 27 Tex. 83, where Justice Moore expressed a doubt as to its correctness. In Taylor v. Snow, 47 Tex. 462, the decision in Conkrite v. Hart, is attacked and overruled, through a decision rendered by the same judge who wrote the opinion in Webb v. Mallard. In Cain v. Woodward, 74 Tex. 549, 12 S. W. 319, it was held that Taylor v. Snow

had overruled the previous decisions on the subject, and it was concluded that a sale of land made under an execution issued after the death of a sole defendant was merely voidable. The opinion was delivered by the commission of appeals, and adopted by the Supreme Court. It is interesting to note that in the same volume (page 162), in the case of Northcraft v. Oliver, it is said by the Supreme Court: 'The evidence in this case shows that the execution under which defendants hold was issued after A. T. Oliver's death, and for that reason was void.' The last decision on the subject is found in Hooper v. Caruthers, 78 Tex. 432, 15 S. W. 98, where, after reviewing the Texas authorities, it is said: 'Giving technical effect to a judgment, the case of Taylor v. Snow was probably correctly decided on its facts; but we are of the opinion that the law is correctly stated in the other cases referred to, and that a sale made under execution against a deceased person after his death, he being alive at the time judgment was rendered, is void in the sense that it is wholly inoperative to pass title to or against any one, and therefore may be attacked directly and collaterally.' It is expressly provided in article 2332, Sayles' Civ. St., which was enacted in 1853, that, 'where a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved and paid in due course of administration.' In this case the time had elapsed in which administration could be had on the estate of J. P. Spradlin, and appellants should have sued the heirs for their debt or to revive the judgment that had been abated by the death of the defendant. McCampbell v. Henderson, 50 Tex. 610; Low v. Felton, 84 Tex. 378, 19 S. W. 693."

For an additional discussion of this article see Liplincott v. Taylor (Tex. Civ. App.) 135 S. W. 1070. The facts of this case are clearly distinguishable from the facts of any reported case cited by appellants. The law on these facts was before the Supreme Court. It was clearly within the jurisdiction of the Supreme Court to apply the facts of this case before it to the article cited and to determine the legal effect of this article as limited by the facts under consideration. By making the order in question, the legal effect of the facts was determined as effectively as if the Supreme Court had discussed them with specific application to the article in question. If the order was erroneous, the injured party was given his day in court, and, having failed to assign error in the Supreme Court in the legal and orderly manner provided by law, he cannot now complain. As said by Judge Hemphill in Horan v. Wahrenberger, 9 Tex. 320, 58 Am. Dec. 145, quoting from Elliott v. Peirsol, 1 Pet. 328, 340 (7 L. Ed. 164):

"Where a court has jurisdiction it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court."

We think our case of Harris v. Hamilton, cited in the original opinion, is directly in point, and, since our holding in that case was challenged by a pertinent application for writ of error, which was dismissed for want of jurisdiction, it is conclusive on this proposition.

[6] Again he says:

"(3) The Court of Civil Appeals erred in affirming the judgment of the district court, because it is apparent from the face of the record in this case that the order, judgment, and mandate of the Supreme Court, modifying the judgment of the district court and authorizing the sheriff of Chambers county to carry out the order of sale issued in said cause No. 551 on March 21st, 1905, was not observed or complied with by the clerk of the district court and said sheriff, but the same was disregarded, and an alias order of sale was issued, levied, and said land sold thereunder, the issuance of which was contrary to the judgment of the Supreme Court, and was prohibited by article 3723 of the Revised Statutes 1911, and the sale made thereunder through which appellees claim title was void; hence judgment should have been in favor of defendant (appellant here)."

We do not think the mandate of the Supreme Court should be given the effect contended for by this proposition. It was clearly the intention of the Supreme Court in making the order in question to authorize the plaintiff to enforce its judgment. If that could not be done under the order of sale originally issued, then the intent of the order was given effect by the issuance of the alias order of sale and its orderly execution.

Closing their motion for rehearing, counsel for appellants say:

"The opinion rendered by your honors is, so far as we have been able to determine from a careful reading of the authorities, not only squarely against the case law of this state, but is in direct conflict with the statutes cited. Wherefore appellant respectfully prays that the court reconsider this case, and, on rehearing, that the judgment of the district court be reversed, and judgment here rendered in favor of appellant, or that the case be remanded, with proper instructions."

We have not undertaken to review the authorities construing article 3723, nor to apply such authorities to the facts of this case. Our order affirming this case is based solely and alone upon our construction of the mandate of the Supreme Court in Massillon Engine & Thresher Co. v. Barrow (Tex. Com. App.) 231 S. W. 368. Since, as we understand the decisions construing judgments of a superior court, our authority is limited to the construction and enforcement of the judgment in that case, after giving due consideration to appellant's very able argument, it is our order that the motion for rehearing be in all things overruled.