## CAREY et al. v. SHEETS.

### No. 2840.

Court of Civil Appeals of Texas. Waco.

March 10, 1949.

Lattimore, Couch & Lattimore, of Ft. Worth, for appellants.

J. S. Simkins, of Corsicana, for appellee.

HALE, Justice.

This is an appeal from an order of the County Court of Navarro County overruling two pleas of privilege. The order appealed from was entered in a scire facias proceeding to revive a judgment theretofore rendered in the court below. Appellee, E. S. Sheets, instituted the original suit on January 21, 1936, against E. V. May and R. E. Carey, thereafter making C. C. Bennett a party defendant. Carey and Bennett filed their pleas of privilege in the original suit, each was overruled and upon appeal to this court the order of the trial court in overruling each plea was affirmed. See Carey et al. v. Sheets, Tex. Civ.App., 109 S.W.2d 782.

On August 14, 1948, appellee filed his application in the above suit to revive the judgment previously rendered therein. He alleged in substance that on August 15, 1938, the court had rendered judgment in his favor against May for the sum of $300 and against Carey and Bennett for the sum of $325, together with a foreclosure of a lien upon a certain truck, such judgment being recorded in Vol. A, page 166 of the

civil minutes of the court; that the judgment was credited on October 4, 1938, with the sum of $109.50, leaving a balance due and unpaid thereon in the sum of $218.50; and that May was insolvent and his whereabouts were unknown. He prayed that a writ of scire facias issue to the defendants therein, requiring them to appear and show cause why the judgment should not be revived and that the court direct the issuance of execution on the judgment.

The writs applied for were promptly issued and served upon Carey and Bennett and in response thereto each filed his plea of privilege in due form asserting the right to be sued in Tarrant County. Appellee duly filed his controverting affidavit to each plea, again alleging the substance of the allegations contained in his application, as therein referred to, and asserting that since the County Court of Navarro County had properly acquired jurisdiction and venue over the subject matter and person of the parties involved in the original suit it continued to hold exclusive jurisdiction and venue as to all parties for the purpose of determining whether its judgment should be revived by scire facias. Upon a hearing of the issues thus joined by the pleadings the court overruled the pleas of Carey and Bennett and they have again appealed to this court.

As we understand their contentions, appellants say the court below erred in overruling their pleas of privilege because J. Rob Griffin was a party to the judgment which appellee seeks to revive but he was not made a party to the revival proceeding; that a judgment cannot be revived by scire facias unless all parties to the judgment are parties to the revival proceeding; that since Griffin was not made a party to this proceeding the same should be regarded as an independent suit for revival by an action of debt; and that the revival of a judgment by an action of debt does not come within any of the exceptions embraced in the venue statute.

■ Under the Texas statutes and practice, scire facias is a proper remedy to revive dormant judgment when brought within ten years from the rendition of such judgment. Art. 5532 of Vernon's Tex. Civ.Stats.; 38 Tex.Jur. p. 1, Sec. 1 and

authorities. A scire facias proceeding for the revival of a judgment does not constitute a new suit but is merely a continuation of the original suit in which the judgment was rendered. Hence, venue for a trial of the issues arising in such proceeding is properly laid in the county where the judgment was rendered, regardless of the residence of any of the parties thereto. Masterson v. Cundiff, 58 Tex. 472; Schmidtke v. Miller, 71 Tex. 103, 8 S.W. 638; City National Bank of Gatesville v. Swink, Tex. Civ.App., 49 S.W. 130 (er. dis.); Burge v. Broussard, Tex.Civ.App., 258 S.W. 502 (er. ref.)

■ We cannot agree with the contention that the present proceeding constitutes or should be regarded as an independent action of debt brought on the judgment which appellee seeks to revive. The application out of which the proceeding arose had none of the characteristics of an original petition. Its contents show clearly that it was intended only as a means of instituting an ancillary proceeding. It bore the style and number of the suit in which the judgment was rendered and, although it did not mention J. Rob Griffin by name, it alleged the volume and page of the civil minutes of the court where the judgment was recorded. The prayer was for the issuance of a scire facias to the defendants and for an order directing the issuance of execution on the judgment sought to be revived. While Griffin was a party to the judgment, it appears that liability was imposed upon him therein solely because he was surety for appellants on their replevy bond.

■■ For the purposes of this appeal we think it is immaterial whether Griffin or May was or was not a party to the proceeding at the time when appellants' pleas of privilege were heard or, if they were not, as to whether it would be necessary for appellee, before he was entitled to have the judgment revived by scire facias, to make either or both of them parties thereto by the service of process or otherwise. In our opinion, the contentions urged by appellants as grounds for a reversal are premature at this time because such contentions are relevant to questions of proper and necessary parties incident to a correct

disposition of the proceeding on its merits rather than to questions of venue determinative of the proper forum in which the issues arising therein are to be tried and finally disposed of. It is our further view that original jurisdiction to pass upon the merits of appellee's pending application and to grant or refuse the relief therein applied for could not legally be transferred to or become vested in any trial court of Tarrant County. 26 Tex.Jur. p. 466, Sec. 609 and authorities; 47 Am.Jur. p. 474, Sec. 23; 56 C.J. p. 871, Sec. 8.

Therefore, all of appellants' points of error are overruled and the order appealed from is affirmed.