

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00090-CV

_____

PHARUS FUNDING, LLC, AS ASSIGNEE OF LHR, INC., Appellant

V.

JERRY SOLLEY AND LOLA M. SOLLEY, Appellees

On Appeal from the County Court at Law No. 1
Johnson County, Texas
Trial Court No. C200800653

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In early 2009, LHR, Inc. (LHR), obtained a default judgment against Jerry Solley and Lola M. Solley. In 2020, Pharus Funding, LLC (Pharus), as assignee of LHR, sought to revive the now-dormant judgment by scire facias. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.006. Nevertheless, when Pharus sought an order for the district clerk to issue a writ of scire facias, the Johnson County trial court[1] denied the request. On appeal, Pharus contends that the trial court erred when it denied Pharus's request for a writ of scire facias. Because we find that there is no final appealable order in this case, we dismiss this appeal for want of jurisdiction.

A judgment becomes dormant ten years after its rendition, unless a writ of execution has been issued before its dormancy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a). After a judgment becomes dormant, execution may not be issued on it unless it is revived. *Id.* A dormant judgment may be revived either by scire facias or an action on the debt brought within two years from the date it became dormant. TEX. CIV. PRAC. & REM. CODE ANN. § 31.006. When revival of a dormant judgment is sought, a "scire facias" requires "the person against whom it is issued to appear and show cause . . . why a dormant judgment against that person should not be revived." *Scire facias*, BLACK'S LAW DICTIONARY (10th ed. 2014). Scire facias may refer to both the writ and the whole proceeding. *Int'l Fid. Ins. Co. v. State*, 71 S.W.3d 894, 897 n.2 (Tex. App.—Texarkana 2002, no pet.). "A scire facias proceeding for the revival of a judgment does not constitute a new suit but is merely a continuation of the original suit in which

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

the judgment was rendered." *Carey v. Sheets*, 218 S.W.2d 881, 882 (Tex. App.—Waco 1949, no writ).

The Texas Civil Practice and Remedies Code does not set forth the procedural steps to obtain the revival of a dormant judgment under the scire facias procedure. However, the procedure is generally set out in the reported cases. First, the judgment creditor files an application to revive the dormant judgment, obtaining the issuance of a writ of scire facias requiring the judgment debtors to appear and show cause why the judgment should not be revived, and obtaining service of the writ on the judgment debtors as required for all writs and process. *See Middleton v. State*, 11 Tex. 255 (1854) (requiring writ of scire facias to be served and returned as required by law); *Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953) (noting that, after writ of scire facias was issued, it was served on judgment debtor, who filed no answer); *Frost Nat'l Bank v. White*, No. 14-18-00437-CV, 2019 WL 1602180, at *1 (Tex. App.—Houston [14th Dist.] Apr. 16, 2019, no pet.) (mem. op.) (trial court ordered citation scire facias issued to judgment debtor); *Didehbani v. Turner*, No. 05-18-00002-CV, 2018 WL 6716548, at *1–2 (Tex. App.—Dallas Dec. 21, 2018, no pet.) (mem. op.) (trial court granted application for writ of scire facias, which was issued by court clerk); *Carey*, 218 S.W.2d at 882 (writs of scire facias issued and served on judgment debtors, who filed responses thereto);[2] *see* TEX. R. CIV. P. 15–17. After the judgment debtor has answered, or after the time for filing an answer has expired, the creditor may set a hearing on its application to revive the dormant judgment and obtain an order reviving

---

[2]Those cases indicate that the writ of scire facias, which must be served on the judgment debtor by an appropriate authority and requires the judgment debtor to answer the request to revive the dormant judgment, is analogous to a citation and service of a citation.

3

the judgment. *See Berly*, 255 S.W.2d at 508 (after no answer filed, court entered order reviving judgment); *Frost Nat'l Bank*, 2019 WL 1602180, at *1 (after judgment debtor failed to respond to writ of scire facias, trial court granted motion to revive judgment); *Carey*, 218 S.W.2d at 882 (after judgment debtors responded to writ of scire facias by filing pleas of privilege, trial court held hearing on pleas).[3]

In this case, on April 22, 2009, LHR obtained its default judgment against Solley in the amount of $18,229.57, plus $1,200.00 in attorney fees, in cause number C200800653 in the County Court at Law No. 1 of Johnson County (the Judgment). On July 16, 2020, Pharus, as assignee of LHR, filed its original application to revive judgment in the same cause, alleging that it is the current owner and holder of the judgment against Solley in favor of LHR, and requesting that the trial court revive the judgment pursuant to Section 31.006 of the Texas Civil Practice & Remedies Code. Pharus obtained a hearing on its application for the issuance of a writ of scire facias. Apparently, Pharus also presented the trial court with its proposed Amended Order

---

[3]We are aware of the language in certain opinions of some of our sister courts of appeals that appears to conflate the issuance of a writ of scire facias with the granting of an order reviving a dormant judgment. *See Didehbani*, 2018 WL 6716548, at *4; *Stedman v. Paz*, 511 S.W.3d 635, 638 (Tex. App.—Corpus Christi 2015, no pet.); *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.); *Thomas v. Poonen*, No. 05-00-01233-CV, 2001 WL 755638, at *2 (Tex. App.—Dallas July 6, 2001, no pet.) (not designated for publication) (per curiam). However, the scire facias proceeding set forth above ensures that the judgment debtor has proper notice of the judgment creditor's application to revive the dormant judgment. Through the requirement that the writ of scire facias be served in accordance with the Texas Rules of Civil Procedure governing the service of writs, the judgment debtor is ensured of receiving actual notice of the application. *See Hughes v. McClatchy*, 242 S.W.2d 799, 800, 804 (Tex. App.—Eastland 1951, writ ref'd. n.r.e.) (after service of citation was attempted in suit to revive dormant judgment it was determined that judgment debtor no longer resided in county and concluded that judgment creditor had duty of continuing diligence to obtain service). In addition, this procedure ensures that the judgment debtor is afforded the opportunity to assert any defenses it may have to reviving the judgment, including payment. This is particularly important in a case such as this one in which the judgment creditor is purportedly an assignee of the original judgment creditor and may not be aware of any payments made by the judgment debtor to the original judgment creditor. Conflating the issuance of the writ of scire facias with the order reviving the dormant judgment deprives the judgment debtor of the opportunity to assert any defenses and may deprive it of actual notice of the judgment creditor's attempt to revive the judgment.

Granting Application for Issuance of Writ of Scire Facias, which, if granted, would have ordered "the Clerk of the Court to issue a Writ of Scire Facias to be served on the Defendant" (the Proposed Order).[4] The trial court denied Pharus's request by writing "Denied" on the Proposed Order, dating it, and signing beneath its denial. The Proposed Order and the trial court's denial, however, do not contain any language indicating that the trial court also denied Pharus's application to revive the judgment.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Id.* As we have previously stated,

> This Court has jurisdiction only over appeals from final judgments or certain specified interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2005); *Onstad v. Wright*, 54 S.W.3d 799, 803 (Tex. App.— Texarkana 2001, pet. denied).

*Schoolcraft v. Dep't of Family & Protective Servs.*, No. 06-05-00076-CV, 2005 WL 3487849, at *1 (Tex. App.—Texarkana Dec. 22, 2005, no pet.) (mem. op.).

Because the trial court's order denied only the issuance of a writ of scire facias and did not also dispose of Pharus's request to revive the dormant judgment, we notified Pharus of this potential defect in our jurisdiction and afforded it the opportunity to show this Court how it had jurisdiction over the appeal, notwithstanding the noted defect.

In its response, Pharus points out that some post-judgment orders, such as charging orders, may be appealable "if the order resolves property rights and imposes obligations on the

---

[4]The Solleys have not entered an appearance in this proceeding.

5

judgment creditor or interested third parties." *Spates v. Office of the AG*, 485 S.W.3d 546, 551 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Trust*, 434 S.W.3d 236, 242 (Tex. App.—Houston [1st Dist.] 2014, no pet.)).   Pharus asserts that the trial court's order resolves property rights and imposes obligations on the judgment creditor because it denies Pharus its statutory right to renew its judgment.  None of the cases cited by Pharus in support of this assertion, however, stand for this proposition.[5]  That being said, the order denying the issuance of a writ of scire facias did not finally deny Pharus any right it may have to renew the judgment.  That would occur only in the form of a final order effectively denying the application to revive a dormant judgment.  Rather, if Pharus believed the trial court erred in denying its request for the issuance of a writ of

---

[5]*See Frost Nat'l Bank*, 2019 WL 1602180, at *1 (appeal from denial of application to revive judgment, a citation, or writ of scire facias was issued and served on judgment creditor); *McShane v. McShane*, 556 S.W.3d 436, 440–44 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (appeal from order granting application to revive dormant judgment in which issue was whether application was timely filed); *Stedman*, 511 S.W.3d at 636–37 (appeal from Rule 91a order dismissing application to revive dormant judgment); *Keith M. Jensen, P.C. v. Briggs*, No. 02-14-00096-CV, 2015 WL 1407357, at *1 (Tex. App.—Fort Worth Mar. 26, 2015, no pet.) (mem. op.) (appeal from order denying application to revive dormant judgment in which judgment debtor answered, unclear if answer was voluntary or in response to writ of scire facias); *Cadles of Grassy Meadow, II, LLC v. Herbert*, No. 07-09-00190-CV, 2010 WL 1705307, at *1 (Tex. App.—Amarillo Apr. 27, 2010, no pet.) (mem. op.) (appeal from denial of application to revive dormant judgment, writ of scire facias was issued and served on judgment debtor); *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *1 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.) (appeal from order denying motion for scire facias to revive dormant judgment, judgment debtor answered, unclear if answer was voluntary or in response to writ of scire facias); *Trad v. Colonial Coins, Inc.*, No. 14-02-00172-CV, 2003 WL 124680, at *1–2 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.) (appeal from order denying petition for scire facias to revive dormant judgment, unclear whether a writ of scire facias was issued and served on judgment debtor); *Poonen*, 2001 WL 755638, at *1–2 (appeal from order granting motion for revival of judgment, as noted in footnote 2 above, the court's discussion of the requirements to obtain a revival of a dormant judgment appears to conflate the issuance of a writ of scire facias with the order reviving a dormant judgment).

scire facias, it could renew its request to the trial court or, if Pharus believed that the trial court had no discretion to deny its request, it could file a petition for a writ of mandamus.[6]

Pharus also asserts that the trial court's statement at the end of the hearing that it was "going to deny the request for the writ and not revive the judgment" evidences the trial court's intent to make a final ruling. However, a trial court's oral statement that it is "going to" render judgment evidences the trial court's intention to render judgment in the future, and not a present rendition of judgment. *Fuentes v. Zaragoza*, No. 01-16-00251-CV, 2017 WL 976079, at *2 (Tex. App.—Houston [1st Dist.] March 14, 2017, no pet.) (mem. op.) (citing *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995)); *see also James v. Hubbard*, 21 S.W.3d 558, 559 (Tex. App.—San Antonio 2000, no pet.) ("We hold that a judge does not render judgment when he says, 'I am going to grant the divorce in this case.'")). Consequently, the trial court's oral pronouncement was conditional rather than final and failed to dispose of all pending claims and parties. *Fuentes*, 2017 WL 976079, at *2.[7]

---

[6]In its response to this Court, Pharus requests that, if we determine that we do not have jurisdiction over this appeal, we then convert the appeal into a petition for a writ of mandamus. There are significant procedural differences, however, between the requirements to prosecute an appeal and the requirements of an original proceeding. *Compare* TEX. R. APP. P. 21.1–39.8 *with* TEX. R. APP. P. 52.1–52.11. In addition, this Court has limited mandamus jurisdiction, which does not include mandamus actions arising from Johnson County. *See* TEX. GOV'T CODE ANN. §§ 22.201(g) (Supp.), 22.221(b)(1) (Supp.).

[7]Pharus also asserts that the presence of the trial court's order denying the issuance of a writ of scire facias gives this Court jurisdiction, citing *National Judgment Recovery Center L.P. v. Vermillion*, No. 05-17-014520-CV, 2018 WL 1477604, at *1 (Tex. App.—Dallas Mar. 27, 2018, no pet.) (mem. op.). However, in that case, the Dallas Court of Appeals merely dismissed the appeal because the record did not contain an order denying the appellants application for a writ of scire facias. *Id.* The court did not express any opinion regarding whether it would have jurisdiction if the order had been included in the clerk's record.

7

Because the trial court's order does not dispose of all parties and pending claims and does not clearly express the trial court's intention that it be final and appealable,[8] we find that the order is an interlocutory order over which we have no jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Supp.). Accordingly, we dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 4, 2021
Date Decided:       April 29, 2021

---

[8]*See Lehmann*, 39 S.W.3d at 195, 200.